IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO. 06-0215-WS-C |
| | ) |
| MARVIN DEMARQUAY MOORE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This long-closed criminal matter comes before the Court on defendant Marvin Demarquay Moore's "Request for Hearing" (doc. 42) concerning the process of garnishment recently initiated by the United States against his employer, Hardee's Food Systems, Inc.

Back in March 2007, Moore was convicted and sentenced in this District Court for one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  At sentencing, the undersigned ordered Moore to make restitution to Regions Bank in the amount of $3,370.00 (the amount that he stole from the bank in August 2006).  This restitution amount was due immediately; however, the Judgment (doc. 28) provided that Moore was to make payment in monthly installments of $50.00, to commence 30 days after his release from prison.  As of September 10, 2012, however, some $2,464.03 remains due and owing on that restitution balance.  Moore admits that he has not complied with his monthly payment obligations, but does not explain why (even given his limited income) he has not been more diligent about abiding by the terms of the Judgment.[1]  However, he clearly expresses willingness to make monthly payments henceforth.

On September 10, 2012, the Government (which is responsible for enforcing and collecting the restitution order pursuant to 18 U.S.C. §§ 3612(c) and 3613(a)) filed an Application for Post-Judgment Continuing Writ of Garnishment (doc. 40) seeking to garnish

---

[1]  Some insight, perhaps, may be gleaned from the U.S. Probation Office's report that in late May 2012, Moore was arrested by the Prichard Police Department while attempting to purchase crack cocaine for his personal use.  Moore had a crack pipe on his person when he was arrested, and there were Lortab pills in the vehicle as to which neither occupant had a valid prescription.

Moore's wages through his employer, Hardee's Food Systems, Inc. (the "Garnishee"). The Clerk of Court issued a Writ of Garnishment to the Garnishee on September 11, 2012. (Doc. 41.) To date, the Garnishee has not yet filed an Answer.

For his part, Moore, who is proceeding *pro se,* filed a Request for Hearing or Transfer (doc. 42) on September 24, 2012. Moore requested a hearing, alleging that the wages the Government is seeking to garnish are exempt under an applicable exemption. In particular, Moore relies on two exemptions, to-wit: (i) the exemption for judgments for support of minor children; and (ii) minimum exemptions for wage and salary income. To support his request, Moore submits copies of his pay stubs showing that he is working approximately 35 to 40 hours per week, earning $7.25 per hour, and that his biweekly paychecks are already subject to a deduction of $141.74 for a child support garnishment.

Based on Moore's showing, it appears that further garnishment of his wages beyond the existing child support garnishment would be improper. By law, the amount of Moore's wages subject to garnishment cannot exceed the lesser of (a) 25% of his disposable earnings for the week, or (b) the amount by which his disposable earnings for the week exceed 30 times the federal minimum hourly wage. *See* 15 U.S.C. § 1673(a) (setting forth limitations on maximum allowable garnishment under federal law); 28 U.S.C. § 3205(a) (writ of garnishment may reach "nonexempt disposable earnings"); 28 U.S.C. § 3002(9) (defining "nonexempt disposable earnings" as "25 percent of disposable earnings"). From the pay stubs provided, Moore's highest biweekly gross wage figure at Hardee's has been $592.84 (for the August 13, 2012 payday, covering a period in which he earned overtime compensation). After subtracting out required legal deductions for FICA, federal income tax and state income tax, Moore's biweekly disposable earnings for that period were $481.94, which equates to $240.97 per week. Pursuant to 15 U.S.C. § 1673(a), Moore's wages subject to garnishment would be the lesser of (i) 25% of his disposable earnings for that week, or $60.24; or (ii) the amount by which his disposable earnings for that week exceed 30 times the federal minimum hourly wage, or $23.47.[2] So, by law, Moore's disposable earnings are subject to garnishment only insofar as they exceed $217.50

---

[2] The present federal minimum hourly wage is $7.25 per hour. Thirty times the federal minimum hourly wage is $217.50. Subtracting the $217.50 exemption from his $240.97 disposable earnings for the week yields an amount of $23.47 that is subject to garnishment.

per week.  Review of the pay stubs furnished by Moore show a number of weeks in which that threshold would not have been satisfied such that, for those weeks, none of Moore's disposable earnings would be subject to garnishment.  Even in a best-scenario for the Government, something on the order of $23.47 per week may be subject to garnishment from Moore's wages.

But that's not all.  Moore has also claimed the "Judgments for support of minor children" exemption, which reads as follows:  "If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment" is exempt.  Moore's pay stubs reflect a $141.74 biweekly garnishment, which he states is for child support.  Thus, it would appear that the first $70.87 of nonexempt disposable earnings that Moore is earning would be excluded from garnishment in this case because of the preexisting child support garnishment order.  It does not appear that Moore's weekly disposable earnings at Hardee's have ever exceeded, or are reasonably likely in the future to exceed, thirty times the federal minimum wage by more than $70.87.  As such, it appears that none of his wages are properly subject to garnishment.

In light of the foregoing, the Government is **ordered** to show cause, on or before **October 1, 2012**, why the Post-Judgment Continuing Writ of Garnishment (doc. 40) entered by the Clerk's Office on September 11, 2012 should not be vacated.  In the event that the Government continues to maintain that garnishment of Moore's wages is appropriate under these circumstances, the Court will promptly set the matter for hearing, as Moore has requested.[3]  This hearing will not be an empty formality either.  After all, while the Government is responsible for

---

[3] Relevant federal statutes require this Court to hold a hearing upon timely request by the judgment debtor, which has been made here.  *See* 28 U.S.C. § 3205(c)(5) (if judgment debtor files written objection and request for hearing within 20 days after garnishee's answer, "[t]he court shall hold a hearing within 10 days after the request is received by the court, or as soon thereafter as is practicable"); 28 U.S.C. § 3202(d) (when judgment debtor requests hearing on Government's exercise of postjudgment enforcement remedy, court "shall hold a hearing on such motion as soon as practicable" to determine whether the order granting such remedy should be quashed); *United States v. Pugh*, 2003 WL 22048360, *1 (8th Cir. Sept. 3, 2003) (concluding that where debtor objects to garnishment, "the district court must conduct a hearing as soon as practicable," such that it is reversible error for district court to deny hearing mandated by FDCPA).  Moore has requested a hearing, so he is entitled to one by the plain language of § 3205(c)(5).

collecting the restitution ordered against Moore, this Court is vested with statutory oversight of the manner and method of collection, and may curtail the enforcement tools selected by the Government upon proper consideration of the surrounding facts and circumstances.  *See* 28 U.S.C. § 3013 ("The court may at any time on its own initiative or the motion of any interested person … make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter."); *United States v. Lawrence*, 538 F. Supp.2d 1188, 1195 (D.S.D. 2008) ("§ 3013 provides a defendant with a layer of protection against abuse or potential abuse by the Government" in garnishment context).  Federal courts have routinely found that § 3013 and § 3205, read in tandem, confer authority for district courts to modify or reduce garnishment orders based on a judgment debtor's individual circumstances.[4]  Insofar, then, as Moore's objection is that the garnishment of 25% of his disposable earnings is inequitable or excessive given the applicable exceptions, he is entitled to present that argument for the Court's consideration via timely hearing.

The Clerk's Office is **directed** to mail a copy of this Order to Moore at the address specified in his Request for Hearing.

DONE and ORDERED this 25th day of September, 2012.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *See, e.g., United States v. Ogburn*, 499 F. Supp.2d 28, 29-31 (D.D.C. 2007) (collecting authorities and concluding that district courts have authority to stop, suspend, or otherwise modify garnishment of a defendant's wages under the Federal Debt Collection Procedures Act, and that they may take into account a defendant's individual circumstances in exercising that authority); *United States v. Crowther*, 473 F. Supp.2d 729, 731 (N.D. Tex. 2007) (under § 3205(c)(5), "the Court has the discretion to consider an objection that a garnishment of 25% of disposable earnings is inequitable under the judgment debtor's individual circumstances"); *United States v. George*, 144 F. Supp.2d 161, 164 (E.D.N.Y. 2001) ("a 25% garnishment of disposable income (as opposed to any lesser amount) is not mandatory, and the court may properly consider the circumstances of this individual garnishee," as nothing in statutory language "mandates a garnishment of a particular amount").